287 N.E.2d 776 (1972)
VERNON FIRE & CASUALTY INSURANCE COMPANY, Appellant,
v.
Charles E. THATCHER and Betty Thatcher, Appellees.
No. 371A51.
Court of Appeals of Indiana, Second District.
October 4, 1972.
Hickam & Hickam, Spencer, for appellant.
Vernon J. Petri, Spencer, for appellees.

ON PETITION FOR REHEARING
WHITE, Judge.
Appellant's petition for rehearing contains but one allegation which deserves comment. We did, it is true, fail to make express reference to whether the trial court erred in reading to the jury its Instruction No. 8, as follows:
"False and fraudulent misrepresentations of an agent or employee made while acting in the scope of his authority, real or apparent, bind the principle (sic) or employer of such agent or employer (sic). If defendant's agent or employee even without the authority of such defendant made a false representation of a material nature while acting in behalf of defendant, the defendant would be bound thereby if the defendant afterwards ratified such false representation and received benefit thereof."
Appellant's objection below was
"that there is no evidence that `the defendant afterward ratified such false representation and received the benefit thereof' as provided in the instruction"
We did, however, discuss the issue of agency and scope of authority, in the course of which we said:
"In Cadez v. General Casualty Company (CA 10, 1961), 298 F.2d 535, after holding *777 the company not liable for representations of policy coverage made by `a soliciting or local agent', which representations had never come to the company's attention, the court said:
`If untrained or over-zealous agents make negligent or reckless representations as to policy coverage and it can be shown that the company had actual knowledge thereof or that knowledge may be implied from the circumstances of a particular situation, the company must accept the responsibility.'
"Unlike the record in Cadez, the record at bar includes evidence from which company knowledge of Schepper's representations as to coverage may be implied. That evidence includes the admitted fact that after the delivery of the policy and prior to the fire at the stable the company paid a small claim for damage to business property kept at the saddle barn. It also includes Thatchers' and Fiscus' testimony of Fiscus' participation in a conversation between Thatchers, Schepper, and Fiscus in which, according to Thatcher, the representations made by Schepper were again made and/or reaffirmed. Fiscus testified as the Company's witness at the trial that he was a `Special Representative' of the Company whose duty it was to manage its southern Indiana operations including `anything that would be incidental to the operation of an insurance company.' He specifically confirmed on cross-examination that he was authorized by the Company to explain his company's policies to the people who buy insurance from the Company." Ind. App., 285 N.E.2d 660 at 671, 32 Ind.Dec. 112 at 129.
Our approval of the Cadez dictum is approval of the principle of Instruction No. 8.
The petition is
Denied.
BUCHANAN, P.J., and SULLIVAN, J., concur.